IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

       Plaintiff,                      No. CIV S-04-2716 LKK GGH P

   vs.

G. WOODFORD, et al.,

       Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

                               /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed August 16, 2005. For the following reasons, the court recommends that this action be dismissed.

          On April 8, 2005, the court dismissed the original complaint with leave to amend. In the original complaint, plaintiff alleged that although he requested a staff assistant for a disciplinary proceeding, none was ever assigned. Plaintiff alleged that his failure to receive a staff assistant violated his right to process. In the April 8, 2005, order the court stated that in order to determine whether plaintiff's right to due process was violated, it must know the outcome of the disciplinary hearing. The court stated that in the amended complaint plaintiff must inform the court if he was found guilty of the rules violation and, if so, how he was punished. The court specifically advised plaintiff to inform the court whether he was assessed

1

1  time credits.

2          In the amended complaint filed August 16, 2005, plaintiff alleges that the staff
3  assistant assigned to help him to prepare for the disciplinary hearing was inadequate. Plaintiff
4  does not allege whether he was found guilty of the rules violation. Nor does plaintiff describe
5  what, if any, punishment he received.

6          In order to determine whether plaintiff had a due process right to a staff assistant,
7  it must be determined whether the disciplinary hearing involved a liberty interest. Prisoners have
8  no liberty interest in due process when the alleged violation does not impose an "atypical and
9  significant hardship" on the inmate in relation to the ordinary incidents of prison life. <u>Sandin v.
10 Conner</u>, 515 U.S. 472, 483-85, 115 S.Ct. 2293 (1995). Without knowing what, if any,
11 punishment plaintiff may have received as a result of the disciplinary proceeding, the court
12 cannot determine whether a liberty interest was involved. Because plaintiff did not describe the
13 punishment, the court finds that he has failed to state a colorable claim for relief.

14         In addition, if plaintiff was assessed time credits as a result of the disciplinary
15 proceeding, this action is most likely barred unless the disciplinary conviction has been
16 invalidated, expunged or reversed. <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994);
17 <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584 (1997).

18         For the reasons discussed above, the court finds that the amended complaint fails
19 to state a colorable claim for relief. Because plaintiff did not address the pleading defects
20 discussed in the order dismissing the original complaint, there is no good cause to grant him
21 leave to file a second amended complaint.

22         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
23 failure to state a claim upon which relief may be granted.

24         These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
26 days after being served with these findings and recommendations, plaintiff may file written

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).

5  DATED:   10/5/05

/s/ Gregory G. Hollows

 ggh:kj
7  camp2716.fr

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE